MEMORANDUM **
*191 In this pro se action, defendant Lieutenant Donald J. Brown appeals the denial of his motion for summary judgment on his qualified-immunity defense. We have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1291, see Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and review the immunity questions de novo, CarePartners, LLC v. Lashway, 545 F.3d 867, 875-76 (9th Cir.2008). We reverse the district court’s order denying summary judgment and remand this case for further proceedings in light of this court’s disposition.
Brown is entitled to qualified immunity either if plaintiff John R. Jordan’s facts fail to “make out a violation of a constitutional right” or if the allegedly violated right was not “clearly established at the time of defendant’s alleged misconduct.” Pearson v. Callahan, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (internal quotation marks omitted).
Because Jordan has failed to show that Brown subjectively inferred a “substantial risk” that subordinates would misinterpret his order issued on November 30, 2002, and thereby cause “serious harm,” Jordan’s facts fall short of stating a constitutional violation. Farmer v. Brennan, 511 U.S. 825, 834-40, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (defining deliberate indifference). The facts as found below establish, at most, mere negligence. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (negligence does not establish deliberate indifference).
Jordan also contends that Brown engaged in fraudulent concealment, has “unclean hands,” and breached a contract. These claims have no merit.
Jordan’s motion to correct his brief, received on May 11, 2011, is granted. Jordan’s requests for judicial notice are denied. Jordan’s motion filed on November 30, 2012, is denied.
Each party shall bear its own costs on appeal.
REVERSED and REMANDED.

 This disposition is not appropriate * for publication and is not precedent except as provided by 9 th Cir. R. 36-3.